<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAURIE RENEE RUBIN,<br><br>          Plaintiff,<br><br>     v.<br><br>RESOURCES RELOCATION, LLC d/b/a RESOURCES REAL ESTATE,<br><br>          Defendant. | Civil Action No. 24-04585 (GC) (TJB)<br><br>**<u>MEMORANDUM OPINION</u>** |

<u>**CASTNER, District Judge**</u>

      **THIS MATTER** comes before the Court upon Plaintiff Laurie Renee Rubin's Motion for Default Judgment against Defendant Resources Relocation, LLC d/b/a Resources Real Estate (RRE) pursuant to Federal Rule of Civil Procedure (Rule) 55(b).  (ECF No. 11.)  RRE has not responded or otherwise appeared in this matter.   The Court has carefully reviewed Plaintiff's submissions and decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Plaintiff's motion is **GRANTED**.

I.      <u>**BACKGROUND**</u>

      Rubin is "an award-winning photographer based in Chicago, Illinois."  (ECF No. 1 ¶ 2.) In 2007, Rubin created the photograph entitled "1_rubin-070911_ace-hardware_1673_06-27" (the Work), which she registered with the Register of Copyrights on December 26, 2007, under registration number VAu 756-518.  (*Id.* ¶¶ 10-11; ECF No. 1-1.)  Rubin is the owner of the copyrighted Work.  (ECF No. 1 ¶ 12.)

RRE is an independent real estate brokerage based in New Jersey that owns and operates the website located at https://www.resourcesrealestate.com/ (the Website).  (*Id.* ¶ 3.)  On October 9, 2023, Rubin discovered the unauthorized use of her Work on the Website.  (*Id.* ¶ 15; ECF No. 1-2.)  The Work, which depicts a burning fireplace decorated with holiday décor, was displayed as the top banner of a blog post entitled "Heat is on to Ensure your Fireplace is Holiday Ready." (ECF No. 1-2.)  The blog post provides information on how to properly maintain a fireplace and ends by stating, "[I]f we can help with your property needs for the new year, please do not hesitate to contact us" at RRE's phone number.  (*Id.*)  Rubin alleges that RRE used the Work in its blog post to "advertise, market and promote its business activities."  (ECF No. 1 ¶ 4.)  RRE used the Work without Rubin's permission.  (*Id.* ¶ 16.)  On October 16, 2023, Rubin notified RRE of its infringement of Rubin's copyright.  (*Id.* ¶ 22.)  To date, RRE has failed to respond.  (*Id.* ¶ 23; ECF No. 11-1 ¶ 11.)

On April 5, 2024, Rubin filed a Complaint against RRE for a single count of willful copyright infringement under 17 U.S.C. § 501.  (ECF No. 1 ¶¶ 24-31.)  On May 29, 2024, the Clerk entered default against RRE.  Rubin now moves for default judgment.  (ECF. No. 11.)  To date, RRE has not responded or appeared in this action.

## II.    <u>LEGAL STANDARD</u>

Under Rule 55(a), a plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Once a default has been entered, the plaintiff may then seek the entry of a default judgment—either by the clerk or the court itself—under Rule 55(b).  Fed. R. Civ. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is

left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Because default judgments prevent the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

In entering default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction, (2) the defendant was properly served, (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. T.J. LLC*, Civ. No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, Civ. No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015)). In addition, the court must evaluate three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (same). If these factors weigh in favor of the moving party, the court may grant default judgment.

## III.    DISCUSSION

### A.    Subject-Matter & Personal Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Werremeyer v. Shinewide Shoes, Ltd.*, Civ. No. 19-10228, 2023 WL 6318068, at *2 (D.N.J. Sept. 28, 2023) (citations omitted).

Here, the Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Rubin brings her claim under the Copyright Act, 17 U.S.C. § 501.  (ECF No. 1 ¶¶ 24-31.) The Court also has personal jurisdiction over RRE, a New Jersey limited liability company with its principal place of business located in New Jersey.  (*Id.* ¶ 9.)  *See Hannah v. Johnson & Johnson, Inc.*, Civ. No. 18-1422, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020) (collecting cases demonstrating that "for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of incorporation") (citations omitted).

### B.    Service of Process

Under Rule 4(h)(1)(B), limited liability companies may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Rubin retained a process server to serve the Complaint and Summons on RRE.  (ECF No. 10-2.)  The process server attests that on April 10, 2024, he personally served Keenan Filizof, RRE's accountant and a person authorized to accept service on RRE's behalf.  (*Id.*)  The same process server also attests that on May 2, 2024, he personally served Ian Penine, RRE's administrator and a person authorized to accept service on RRE's behalf.  (ECF No. 10-3.)  Accordingly, RRE has been properly served. *See Liu v. New Dickson Trading, LLC*, Civ. No. 21-15779, 2023 WL 3736351, at *3 (D.N.J. May 30, 2023) (finding proper service on a limited liability company under Rule 4(h) where a process server delivered the summons and complaint to an individual authorized to accept service on the company's behalf).

### C.    Sufficiency of Plaintiff's Causes of Action

Section 501(a) of the Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by [17 U.S.C. §§ 106-122] or of the author as

provided in [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or the right of the author, as the case may be."  To state a claim for copyright infringement, Rubin must allege (1) "ownership of a valid copyright," and (2) "unauthorized copying of original elements of the plaintiff's work."  *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002).

Here, Rubin has stated a valid claim under the Copyright Act.  First, Rubin alleges that she created the Work in 2007 and registered the Work with the Register of Copyrights on December 26, 2007 pursuant to 17 U.S.C. § 411(a).  (*See* ECF No. 4 at 3 (AO121 Copyright Form)[1]; ECF No. 1 ¶ 10.)  Because the registration constitutes *prima facie* evidence of the validity of the copyright, Rubin has established the first element of her claim.  *See Granger v. Acme Abstract Co.*, 900 F. Supp. 2d 419, 422 (D.N.J. 2012) (citing 17 U.S.C. § 410(c)).  By virtue of its default, RRE has forfeited its ability to challenge Rubin's registration or ownership of a valid copyright.  *See Prepared Food Photos, Inc. v. David & Sons Meats LLC*, Civ. No. 23-1781, 2024 WL 912454, at *4 (D.N.J. Mar. 4, 2024).

Rubin has also established the second element by alleging that RRE published the Work on its website without her permission.  "Copying refers to the act of infringing any of the exclusive rights that accrue to the owner of a valid copyright, as set forth at 17 U.S.C. § 106, including the rights to distribute and reproduce copyrighted material."  *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (citations and internal quotation marks omitted).  Copying may be inferred by showing both that the defendant had access to a copyrighted work, and that there are substantial similarities between the two works.  *Dam Things from Denmark v. Russ Berrie & Co.,*

---

[1]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e filing system and not the internal pagination of the parties.

*Inc.,* 290 F.3d 548, 562 (3d Cir. 2002) (citing *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1231 (3d Cir. 1986)).  The "substantial similarities" test is further divided into two considerations: (1) "whether there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own," and (2), whether, "with the perspective of the lay observer, . . . the copying was illicit, or an unlawful appropriation of the copyrighted work."  *Prepared Foods Photo, Inc. v. La Strada Restaurant, Inc.*, Civ. No., 2024 WL 3199918, at *3 (D.N.J. Jun. 25, 2024) (quoting *Whelan*, 797 F.2d at 1231).

Here, Rubin has established copying by providing screenshots of both the Work and RRE's website, which show that the Work and the image found on RRE's website are identical.  *See id.* (finding that copying was sufficiently established on a motion for default judgment where the plaintiff provided evidence of the copyrighted image and of the defendant's website using the image).  Rubin also plausibly alleges that RRE used the Work without her permission.  *See id.* (ECF No. 1 ¶¶ 13-17.)

Finally, "copyright infringement may be considered willful—and statutory damages may be increased accordingly—when a defendant defaults and decides not to defend against the action."  *David & Sons Meats*, 2024 WL 912454, at *3 (citing 17 U.S.C. § 504(c)(2)).  Courts in this district have previously adopted the "willfulness" standard of the United States Court of Appeals for the Second Circuit, which requires a plaintiff to demonstrate that (1) "the defendant was actually aware of the infringing activity, or" (2) "the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights."  *See Lines+Angeles, Inc. v. Adiago Teas, Inc.*, Civ. No. 20-00831, 2022 WL 2473360, at *5 (D.N.J. July 5, 2022); *David & Sons Meats*, 2024 WL 912454, at *3 (applying the standard on a motion for default judgment).  Rubin has provided a sworn declaration attesting that through counsel, she

notified RRE of the infringement on October 16, 2023, and that RRE has failed to respond. (ECF No. 11-1 ¶ 11.) RRE's refusal to respond to Rubin's notices and the instant lawsuit demonstrates at least a reckless disregard, if not actual knowledge, of its infringing conduct. *See David & Sons Meats*, 2024 WL 912454, at *4.

For these reasons, Rubin has stated a valid copyright infringement action and has demonstrated that RRE's conduct was "willful." *See id.*; *Sony Music Ent. v. Cassette Prods.*, Civ. No. 92-4494, 1996 WL 673158, at *5 (D.N.J. Sept. 30, 1996) (inferring that the defendant "willfully infringed [the p]laintiff's copyrights in their sound recordings" because the defendant "defaulted and consciously chose not to defend this action").

### D.    Default Judgment is Appropriate

The three additional factors that the Court must consider when determining whether default judgment is appropriate weigh in favor of Rubin. *See Chamberlain,* 210 F.3d at 164 (citation omitted). First, denial of Rubin's motion would result in prejudice because when a defendant "fails to respond to a plaintiff's claims, the plaintiff suffers prejudice absent a default judgment because [the] plaintiff is left with no other means to vindicate [her] claims." *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, Civ. No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017) (citation omitted). Second, nothing in the current record evinces any meritorious defense to Rubin's claim. *See GP Acoustics, Inc. v. Brandnamez, LLC*, Civ. No. 10-539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (noting that a "[d]efendant's failure to answer makes it practically impossible for the Court to determine whether [the defendant has] a meritorious defense") (internal quotation marks and citations omitted). Finally, RRE's failure to respond permits the Court to draw an inference of culpability on its part. *See J & J Sports Prods., Inc. v. Tribiri-Tabara, LLC*, Civ. No. 18-13867, 2019 WL 2754955, at *3 (D.N.J. Jul. 2, 2019) ("When a defendant has failed

to answer, move, or respond to a complaint, culpability is presumed.").  Default judgment is appropriate.

### E.    Remedies

Rubin seeks an award of statutory damages for willful copyright infringement, entry of a permanent injunction against RRE, and full costs and reasonable attorneys' fees.  (ECF No. 11-7 at 10-17.)  The Court considers each request in turn.

#### 1.    *Statutory Damages*

The Copyright Act allows a copyright holder to elect an award either for the holder's actual damages and any additional profits of the infringer, or statutory damages.  17 U.S.C. § 504(a)-(c).  A copyright holder who elects to recover statutory damages instead of actual damages may recover between $750 and $30,000 for each infringement "as the court considers just."  *Id.* § 504(c)(1).  If the court finds that the infringement was committed willfully, the court may increase the award to a sum of not more than $150,000.  *Id.* § 504(c)(2).

Statutory damages are intended both to compensate the plaintiff for the infringement and to "deter future infringements by punishing the defendant for its actions."  *Broad. Music, Inc. v. 3817 Pac. LLC*, Civ. No. 23-22782, 2024 WL 3451885, at *6 (D.N.J. Jul. 18, 2024) (quoting *Microsoft Corp. v. Gonzales*, Civ. No. 06-4331, 2007 WL 2066363, at *6 (D.N.J. July 13, 2007)).  Therefore, statutory damages "should exceed the unpaid license fees so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them."  *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 544 (E.D. Pa. 2008) (citation omitted).  Courts in this district commonly award statutory damages "between two to five times the amount that a defendant would have paid in licensing fees."  *3817 Pac. LLC*, 2024 WL 3451885, at *6 (collecting cases); *David & Sons Meats*, 2024 WL 912454, at *6-7 (same).

Here, Rubin attests that the fair market value of the Work is a $3,500.00 annual licensing fee. (ECF No. 11-1 ¶ 12.)  Rubin also provided the Court with a licensing fee invoice "for a similar Work" showing a charge of $3,500.00 for a single image.  (*Id.*; ECF No. 11-4 at 2.)  She further attests that she considers the Work "scarce" due to its "high quality" as well as "the unique technique applied to achieve such an amazing result," and that "[s]carce images typically demand a much higher fee than common images." (ECF No. 11-1 ¶ 14.)  For these reasons, Rubin asks for an award of $17,500.00 in statutory damages, or five times the annual licensing fee of $3,500.00 that she would have charged RRE had it requested a license to display the Work on its website. (*Id.* ¶¶ 12-16; ECF No. 11-7 at 11-14 (asking for an award of $17,500.00 as a result of multiplying the licensing fee of $3,500.00 by five).)

The Court has already found that RRE's conduct was willful, which justifies an award that exceeds the unpaid licensing fee in order to deter future infringements.  *3817 Pac. LLC*, 2024 WL 3451885, at *6.  However, the Court finds that multiplying the unpaid licensing fee by two, leading to an award of $7,000.00, is a more appropriate way to calculate the statutory damages in this case. Such an award is sufficient to deter future infringement and more closely aligns with common practice in this Circuit.  *See, e.g.*, *David & Sons Meats*, 2024 WL 912454, at *1-4, 6 n.2 (awarding statutory damages of twice the amount of an annual licensing fee where the defendant published one copyrighted photograph at least eight times on social media, and collecting cases that awarded similar statutory damages for online infringement of copyrighted images); *Michael Grecco Prods., Inc. v. Al Día Newspaper, Inc.*, Civ. No. 21-4907, 2023 WL 1971164, at *1-3 (E.D. Pa. Feb. 13, 2023) (awarding two times the amount of the plaintiff's actual damages where the defendant published one copyrighted image on its website); *cf. Broad. Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 170 (D.N.J. 1995) (awarding five times the $702.00 licensing fee because where "the

license fee avoided is low, damages of only two or three times the license fee might yield an award insufficient to accomplish" deterrence).[2]

### 2. *Permanent Injunction*

Rubin asks the Court to permanently enjoin RRE and its affiliates from infringing or reproducing Rubin's copyrighted works. (ECF No. 11-7 at 15-16.) The Copyright Act permits courts to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must demonstrate that (1) the moving party has shown actual success on the merits, (2) denial of injunctive relief will result in irreparable harm to the moving party, (3) the injunction will not result in even greater harm to the defendant, and (4) the injunction serves the public interest. *David & Sons Meats*, 2024 WL 912454, at *7 (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001)).

Rubin has established each of these factors. First, the Court has already found that Rubin has stated a claim for copyright infringement. Second, both the Complaint and Rubin's declaration establish a likelihood of irreparable harm due to RRE's continuing infringement. (ECF No. 1 ¶¶ 24-31; ECF No. 11-1 ¶¶ 11-15 (attesting that RRE has failed to respond to Rubin's notices of infringement, and that RRE's continued infringement reduces the Work's market value and

---

[2]    *Leonard v. Stemtech International Inc.*, 834 F.3d 376, 394 (3d Cir. 2016), which Rubin cites in support of her request for an award of five times the licensing fee, is inapposite. (ECF No. 11-7 at 13-14.) In *Leonard*, the plaintiff called an expert to estimate the fair market value of a license to use photographs of stem cells taken with an electron microscope. *Id.* at 384-85. The expert contacted several photo agencies, calculated a benchmark licensing fee, and then recommended "a premium of three to five times the benchmark" to reflect "the scarcity or rarity of particular stem cell images." *Id.* at 385. By contrast, Rubin attests that the "Fair Market Value of the Work . . . is $3500 per year" and has not otherwise provided support for her belief that an award in statutory damages of five times the licensing fee would properly reflect the Work's "scarcity." (ECF No. 11-1 ¶¶ 14-16.)

discourages other potential licensees from paying licensing fees).)  *See 3817 Pac. LLC*, 2024 WL 3451885, at *7 ("[A] plaintiff may demonstrate irreparability of injury and inadequacy of remedies at law where it can show 'a threat of future infringement beyond mere conclusory allegations.'" (quoting *Silvertop Assocs., Inc. v. Kangaroo Mfg., Inc.*, 319 F. Supp. 3d 754, 769 (D.N.J. 2018))). Finally, permanently enjoining RRE from continuing to infringe Rubin's copyright will not result in greater harm than necessary to RRE, and enforcing valid copyrights against infringing parties "is squarely in the public interest, as doing so helps to deter further infringement." *David & Sons Meats*, 2024 WL 912454, at *7, *7 n.3 (noting that injunctive relief under § 502(a) "is regularly granted in conjunction with damages in copyright infringement actions"); *It's Amore Corp.*, 2009 WL 1886038, at *6-7 (issuing a permanent injunction where the plaintiff had previously warned the defendants of the need to obtain a license to continue using the copyrighted works).  The Court will grant the request for injunctive relief.

### 3.    *Attorneys' Fees and Costs*

Rubin requests an award of full costs and attorneys' fees.  (ECF No. 11-7 at 14-15.) Pursuant to § 505 of the Copyright Act, the Court may, in its discretion, award costs and attorneys' fees to a prevailing party in a copyright infringement suit.  When determining whether to award costs and fees under § 505, the Court should consider "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence."  *Spring Mount*, 555 F. Supp. 2d at 545 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).  Here, given the merits of Rubin's claim and RRE's failure to appear, the Court finds that an award of costs and fees is appropriate.  *See id.* at 546; *Cochran v. Dipset Couture LLC*, 2024 WL 658612, at *4 (D.N.J. Feb. 15, 2024) (awarding costs

and attorneys' fees on a motion for default judgment for copyright infringement of a single photograph).

Rubin has submitted an affidavit from her attorney showing that 15.6 hours were expended on this matter, resulting in $3,682.50 in attorneys' fees and $1,353.35 in costs (including the filing fee, process server fees, and *pro hac vice* fees) for a total invoice of $5,035.85. (*See* ECF Nos. 11-5 & 11-6.) The Court has carefully reviewed the itemized fees and expenses attached as an exhibit to the attorney's declaration and finds that the legal services performed and costs expended in this matter were reasonable. *See also Spring Mount*, 555 F. Supp. 2d at 546 (awarding $5,335.00 in attorneys' fees and costs on a motion for default judgment for unauthorized performances of copyrighted songs); *Michael Grecco Prods*, 2023 WL 1971164, at *3-4 (awarding $17,170.00 in attorneys' fees on a motion for default judgment for the unauthorized online publication of a single image). Accordingly, Rubin is entitled to $5,035.85, comprising of $3,682.50 in attorneys' fees and $1,353.35 in costs.

## IV.    **CONCLUSION**

For the reasons set forth above, and other good cause shown, Plaintiff's Motion for Default Judgment is **GRANTED**. An appropriate Order follows.

Dated: December 26, 2024

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**